# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE: ) | |
| INNOVATIVE COMMUNICATION ) | Bankruptcy Case No. |
| CORPORATION, ) | 07-30012 |
| ) | Chapter 11 |
| Debtor. ) | Adv. Proc. No. 09-3075 |
| ————————————————————— ) | |
| ) | |
| JAMES P. CARROLL, LIQUIDATION TRUSTEE ) | |
| OF THE LIQUIDATION TRUST FOR THE ) | |
| BANKRUPTCY ESTATES OF INNOVATIVE ) | |
| COMMUNICATION COMPANY, LLC, ) | |
| EMERGING COMMUNICATIONS, INC., AND ) | |
| INNOVATIVE COMMUNICATION ) | |
| CORPORATION, ) | Civil Action No. 2013-0068 |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | |
| ) | |
| AMJ, INC., ) | |
| ) | |
| Defendant-Appellant. ) | |
| ————————————————————— ) | |

**Attorneys:**
**Benjamin A. Currence, Esq.,**
St. Thomas, U.S.V.I.
*For Appellee James P. Carroll*

**Jeffrey B.C. Moorhead, Esq.,**
St. Croix, U.S.V.I.
*For Appellant AMJ, Inc.*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Liquidation Trustee's Motion to Strike or Dismiss AMJ, Inc.'s Improper Notice of Appeal," filed by James P. Carroll, Liquidation Trustee ("Carroll"), the Plaintiff-Appellee in this case. (Dkt. No. 5). Defendant-Appellant AMJ, Inc.

("AMJ") did not file any response to Carroll's Motion. For the reasons set forth below, the Court will grant Carroll's motion and dismiss the instant appeal.

## I. PROCEDURAL HISTORY

On July 5, 2013, AMJ filed a Notice of Appeal of an Order entered on June 20, 2013 by the Bankruptcy Division of the District Court of the Virgin Islands ("Bankruptcy Court") in adversary proceeding 09-ap-3075. (Dkt. No. 1 in 2013-cv-0068). The Notice of Appeal states only that "[n]otice is given" that AMJ is appealing the June 20, 2013 Order "precluding the presentation of certain evidence at trial," and provides the names of all parties to the order appealed from, with the names, addresses, and telephone numbers of their attorneys. (*Id.*). The June 20, 2013 Order recounts that: AMJ failed to provide substantive answers to Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admissions; Carroll had made three attempts to have AMJ provide substantive responses to written discovery, to no avail; and that due to AMJ's failure to provide such responses, AMJ would be precluded from presenting or admitting any evidence, testimony or documents through dispositive motion practice or trial in this matter where such information would have been required to have been disclosed during discovery. (*Id.*)

On August 30, 2013, Carroll filed the instant "Motion to Strike or Dismiss AMJ, Inc.'s Improper Notice of Appeal." (Dkt. No. 5). Carroll argues that AMJ's Notice of Appeal, filed pursuant to "28 U.S.C. § 158(a)," did not specify the specific subsection under which the appeal was taken. (*Id.* at 2). He asserts that since this was an appeal of an interlocutory discovery order, under 28 U.S.C. § 158(a)(3) and the relevant bankruptcy rules, AMJ was required to move for leave to file the appeal, and such a motion must contain a statement of the facts necessary to understand the questions presented on appeal, a statement of those questions and the relief sought, and a statement why an appeal should be granted. (*Id.* at 3-4, citing Fed. R. Bankr. P. 8001(b) and

2

8003(a)[1]). Carroll adds that bankruptcy courts apply the standards set forth in 28 U.S.C. § 1292(b), governing interlocutory appeals from district courts to courts of appeals, when assessing interlocutory appeals from bankruptcy courts to district courts. (*Id.* at 4). According to Carroll, AMJ not only failed to file a motion for leave to appeal, but could not satisfy the standard under § 1292(b) to file an interlocutory appeal—that the appeal involve a controlling question of law where there was a substantial ground for difference of opinion, and that an immediate appeal would materially advance the ultimate termination of the litigation. (*Id.* at 4-5). As a result, AMJ asserts that the appeal should either be stricken or dismissed. (*Id.* at 5).

AMJ did not file a response to Carroll's Motion.

## II.  DISCUSSION

### A.  Applicable Legal Principles

Appeals of bankruptcy court orders to the district court are governed by 28 U.S.C. § 158(a). The statute provides, in pertinent part, that the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, pursuant to § 158(a)(1), and with leave of the court, from other interlocutory orders and decrees, pursuant to § 158(a)(3).

The Order being appealed in this case involves sanctions imposed on AMJ for its failure to respond to discovery requests submitted by Carroll in the underlying adversary proceeding. It is well-established that "[d]iscovery orders are not final decisions." *Adapt of Phila. v. Phila. Housing Auth.*, 433 F.3d 353, 360 (3d Cir. 2006). As interlocutory orders, "discovery orders . . . are not normally appealable," *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1116 (3d Cir. 1986), unless the proponent receives leave of court pursuant to § 158(a)(3). Under that subdivision of the statute,

---

[1] The Bankruptcy Rules have subsequently been renumbered.

3

a district court is allowed "to exercise discretionary appellate jurisdiction of interlocutory orders." *United States v. Dershaw (In re Rosen)*, 560 B.R. 415, 419 (E.D. Pa. 2016).

Bankruptcy Rule 8004, entitled "Appeal by Leave—How Taken; Docketing the Appeal," provides that, in order to appeal from an interlocutory order of a bankruptcy court under § 158(a)(3), a party must file not only a notice of appeal, but also "a motion for leave to appeal prepared in accordance with subdivision [8004](b)." Fed. R. Bankr. P. 8004(a)(2). Rule 8004(b)— entitled "Contents of the Motion"— states that a motion for leave to appeal under § 158(a)(3) must "include the following: (A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum." Fed. R. Bankr. P. 8004(b)(1).

"Granting an interlocutory appeal is appropriate only where a party 'establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment.'" *In re Rosen*, 560 B.R. at 421 (quoting *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd* 884 F.2d 1383 (3d Cir. 1989)). In this regard,

> [w]hile there are no clear statutory criteria for a § 158(a)(3) analysis, the Third Circuit has used the factors in 28 U.S.C. § 1292(b) to determine whether to invoke discretionary jurisdiction. . . . These factors are (1) whether a controlling question of law is involved; (2) whether there are substantial grounds for a difference of opinion as to the question of law; and (3) whether an immediate appeal would materially advance the termination of the litigation. All three conditions must be met before a court may certify an order for interlocutory appeal.

*Id.* (internal citations omitted).

### B. Analysis

AMJ's appeal of the June 20, 2013 Order is deficient both procedurally and substantively. AMJ did not file a Motion for Leave to Appeal, pursuant to § 158(a)(3), and thus, has not supplied

4

most of the information required by Fed. R. Bankr. P. 8004(b)(1). There is no exposition of the facts necessary to understand the question presented; no statement of the question presented; no identification of the relief AMJ seeks through its appeal; and no explanation of why leave to appeal should be granted. The only item AMJ provided was a copy of the June 20, 2013 interlocutory order from which AMJ was appealing.

In addition, having not filed a Motion for Leave to Appeal, AMJ did not address the requirements it must show in order for the Court to grant leave to appeal. Nor does it appear that AMJ could persuasively do so. No controlling question of law or substantial grounds for a difference of opinion as to the question of law appears to be involved in this appeal. The June 20, 2013 Order simply sanctions AMJ for discovery violations, pursuant to Fed. R. Bankr. P. 7037, which applies Fed. R. Civ. P. 37 in adversary proceedings. There is also nothing to suggest that adjudication of the appeal of the June 20, 2013 Order would expedite the litigation. The burden to establish that the Court should entertain an interlocutory appeal falls on the proponent, and AMJ's failure to even respond to Carroll's Motion to Strike or Dismiss confirms that AMJ has failed to meet its burden.

In sum, AMJ has failed to demonstrate that there are exceptional circumstances here to justify this Court exercising its discretion to entertain this interlocutory appeal, and the Court cannot discern any such circumstances. Accordingly, the Court will decline to exercise jurisdiction over this interlocutory, non-final order, and will grant Carroll's motion to dismiss the appeal.

### C. Additional Motions

On July 9, 2013, the Court issued an Order directing AMJ, not later than ten days after filing the Notice of Appeal, to file and serve on the Clerk of Court and the other parties the designation of the record on appeal and a statement of the issues presented. (Dkt. No. 2). The Order

also provides that failure to do so may result in dismissal of the appeal for failure to prosecute. (*Id.*). On July 19, 2013, AMJ filed a "Motion for Additional Time to File Designation of Record," asking for an extension of time until August 5, 2013, to file the designation of the record.[2] In view of the fact that the Court will dismiss this appeal, it will also deny as moot AMJ's "Motion for Additional Time to File Designation of Record." (Dkt. No. 3).

On October 1, 2013, AMJ's counsel, Jeffrey B.C. Moorhead, Esq. filed a "Motion to Be Relieved as Counsel for Appellant." (Dkt. No. 7).[3] Attorney Moorhead stated that AMJ had "failed to substantially meet [its] obligations" and that he had put AMJ on notice on two previous occasions that he intended to file a motion to be relieved as counsel. (*Id.*)[4] Because the Court is dismissing the appeal in this case, it will also deny as moot the Motion to Be Relieved as Counsel.

## ORDER

For the reasons set forth above, it is hereby

**ORDERED** that the "Liquidation Trustee's Motion to Strike or Dismiss AMJ, Inc.'s Improper Notice of Appeal," (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that the appeal in this case (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that AMJ's Motion for Extension of Time to File Designation of Record (Dkt. No. 3) is **DENIED AS MOOT**; and it is further

---

[2] AMJ did not file and serve the designation of the record on August 5, 2013 or at any time thereafter.

[3] The Certificate of Service does not indicate that Attorney Moorhead served his motion on AMJ pursuant to LRCi 5.2(b).

[4] Attorney Moorhead's Motion to be Relieved as Counsel was filed after the expiration of AMJ's deadline for responding to Carroll's Motion to Strike or Dismiss. LRCi 7.1(e)(1).

**ORDERED** that Attorney Jeffrey B.C. Moorhead's Motion to Be Relieved as Counsel (Dkt. No. 7) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

**SO ORDERED.**

Date: March 10, 2017                                          _____/s/_____
                                                              WILMA A. LEWIS
                                                              Chief Judge